■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. OSMAN SHARRIEFF, Petitioner, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. — Application, pursuant to CPLR 7002 (subd. [b], par. 2), for a writ of habeas corpus denied for failure of compliance with article 70 of the CPLR and more particularly with the provisions of CPLR 7002 (subd. [c], pars. 1, 6) thereof. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.

(November 13, 1969)

■ GLADYS E. STONE, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 45347.) — COOKE, J. Appeal from a judgment in favor of claimant, entered March 10, 1967, upon a decision of the Court of Claims, claimant having abandoned its cross appeal. At the time of appropriation, claimant owned a farm about one mile south of Mt. Upton in Chenango County, with considerable road frontage on each side of Route 8. The State appropriated four parcels, largely along the highway, in fee, viz.: one 1,280 feet long and about 36 feet deep; a second, 765 feet long and about 30 feet deep; a third, 1,087 feet long, 70 feet deep at one end and 74 feet at the other; and a fourth, 646 feet long, 37 feet deep at one end and 70 feet at the other. The four parcels contained 167,147 square feet of land and included in them were parts of a lawn, gravel driveway and 24 maple trees. There was a resultant set back of the home building from 63 feet to 36 feet and of a barn from 80 feet to about 18 feet, the loss of part of a ramp leading to the barn's hay mow and a small change of grade. Included in the appropriation, also, was a permanent easement covering 50 feet front and 65 feet rear, 447.8 feet deep on one side and 604 feet deep on the other, covering 31,434 square feet. The trial court found total damages of $8,393.09, of which $7,893.09 was for direct damages. Of the direct damages, there was a cost of cure of the water supply of $300 and of installation of fencing of $1,950, concerning which there is no dispute. The Court of Claims found damages in the taking of 167,147 square feet at $.03 per square foot, or $5,014.41. This was supported by testimony of the State's appraiser who testified that lots will sell for about three cents a square foot or five dollars a front foot, which in turn was supported by comparable sales included in said witness' appraisal report received in evidence. (See *Matteson v. State of New York*, 33 A D 2d 710.) These and other comparables therein furnished a basis for said court's finding of the rental value of the permanent easement at $.02 per square foot, or $628.68, and severance damage to building and land improvements of $500. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., and Cooke, JJ., concur in memorandum by Cooke, J.; Reynolds, J., concurs in the result.